IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| TARO PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Allergan, Inc. ("Allergan" or "Plaintiff"), by its undersigned attorneys, brings this action against Defendant Taro Pharmaceuticals, Inc. ("Taro Pharmaceuticals" or "Defendant"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, arises from Taro Pharmaceuticals' submission of Abbreviated New Drug Application ("ANDA") No. 210191 to the United States Food and Drug Administration ("FDA"). Through this ANDA, Taro Pharmaceuticals seeks approval to market a generic version of Allergan's pharmaceutical product ACZONE® Gel, 7.5% ("Taro Pharmaceuticals' ANDA Product") prior to the expiration of United States Patent No. 9,517,219 ("the '219 Patent"). Allergan seeks injunctive relief precluding infringement, and any other relief the Court deems just and proper.

**PARTIES**

2. Plaintiff Allergan, Inc. is a corporation organized and existing under the laws of the State of Delaware and has a place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.

3.    On information and belief, Defendant Taro Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Canada and headquartered in Ontario, Canada. On further information and belief, Taro Pharmaceuticals has a principal place of business at 130 East Drive, Brampton, Ontario L6T 1C1, Canada.

## JURISDICTION AND VENUE

4.    This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the '219 Patent. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b). *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706 (1972).

5.    On information and belief, Taro Pharmaceuticals is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including within this judicial district, through its own actions and through the actions of its agents and affiliates, from which Taro Pharmaceuticals derives a substantial portion of its revenue.

6.    On information and belief, Taro Pharmaceuticals, through its own actions and through the actions of its agents and affiliates, has engaged in the research and development, and the preparation and filing, of ANDA No. 210191, continues to engage in seeking FDA approval of this ANDA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, and importation of its ANDA Product throughout the United States including within this judicial district, and stands to benefit from the approval of ANDA No. 210191.

7.    On information and belief, Taro Pharmaceuticals, through its own actions and through the actions of its agents and affiliates, prepared and submitted ANDA No. 210191 with a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

8.      On information and belief, following FDA approval of ANDA No. 210191, Taro Pharmaceuticals intends to market, sell, offer for sale, or distribute its ANDA Product throughout the United States and within Delaware. On information and belief, following FDA approval of ANDA No. 210191, Taro Pharmaceuticals knows and intends that its ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

9.      On information and belief, Taro Pharmaceuticals U.S.A., Inc. ("Taro USA") is the agent for service of process in the United States for Taro Pharmaceuticals. On information and belief, Taro USA acts at the direction of, under the control of, and for the benefit of Taro Pharmaceuticals and is controlled by Taro Pharmaceuticals.

10.      On information and belief, Taro Pharmaceuticals is registered to do business in the State of Delaware through its agent Taro USA, which has an active Pharmacy-Wholesale license, as well as a Controlled Substances Distributor/Manufacturer CSR license, in the State of Delaware.

11.      This Court has personal jurisdiction over Taro Pharmaceuticals at least because, *inter alia*, (a) Taro Pharmaceuticals has filed an ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and importation of its ANDA Product in the United States, including in Delaware; (b) Taro Pharmaceuticals, through its own actions and through the actions of its agents and affiliates, will market, distribute, offer for sale, and sell its ANDA Product in the United States, including in Delaware and to residents of this judicial district, upon approval of ANDA No. 210191, and will derive substantial revenue from the use or consumption of Taro Pharmaceuticals' ANDA Product in the State of Delaware; and (c) Taro Pharmaceuticals has purposefully availed itself of the privilege of doing business in the State of Delaware by placing goods into the stream of commerce for distribution throughout the United

States and within the State of Delaware, and/or by selling, directly or through its agents and affiliates, pharmaceutical products in the State of Delaware. On information and belief, if ANDA No. 210191 is approved, Taro Pharmaceuticals' ANDA Product charged with infringing the '219 Patent would, *inter alia*, be marketed, distributed, offered for sale, and sold in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and used by patients in Delaware, all of which would have a substantial effect on Delaware.

12.     This Court also has personal jurisdiction over Taro Pharmaceuticals because Taro Pharmaceuticals has committed, or aided, abetted, contributed to and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Allergan, a Delaware corporation that manufactures ACZONE® Gel, 7.5% for sale and use throughout the United States, including in this judicial district. On information and belief, Taro Pharmaceuticals filed ANDA No. 210191 with a Paragraph IV Certification, which was purposefully directed to the State of Delaware, where Allergan is organized. As a result, the consequences of Taro Pharmaceuticals' actions were, and will be, suffered in Delaware. Taro Pharmaceuticals knew or should have known that the consequences of its actions were, and will be, suffered in Delaware. At the time Taro Pharmaceuticals sent notice of its Paragraph IV Certification, it was reasonably foreseeable that Taro Pharmaceuticals would be sued within 45 days in this judicial district, where Allergan is organized. On information and belief, Taro Pharmaceuticals' actions will injure Allergan by displacing at least some, if not all, of Allergan's sales of ACZONE® Gel, 7.5% in this judicial district, as well as resulting in price erosion and loss of goodwill with the purchasers and distributors of ACZONE® Gel, 7.5% in this judicial district.

13. In addition, this Court has jurisdiction over Taro Pharmaceuticals at least under Fed. R. Civ. P. 4(k)(2).

14. On information and belief, Taro Pharmaceuticals has also engaged in substantial, systematic, and continuous contacts with Delaware that satisfy due process and confer personal jurisdiction over Taro Pharmaceuticals in Delaware.

15. Taro Pharmaceuticals' affiliates have consented to jurisdiction in this judicial district in recent actions. *See, e.g.*, *Delcor Asset Corp. v. Taro Pharm. Indus., Ltd. & Taro Pharm. USA, Inc.*, C.A. No. 16-cv-117-GMS (D. Del. filed Mar. 1, 2016); *Vanda Pharm. Inc. v. Taro Pharm. USA, Inc. & Taro Pharm. Indus., Ltd.*, C.A. No. 15-cv-920-GMS (D. Del. filed Oct. 13, 2015); *see also Allergan, Inc. v. Taro Pharm. Indus. Ltd.*, C.A. No. 17-cv-663-VAC-SRF, D.I. 10 (D. Del. July 20, 2017) (consenting to jurisdiction in Answer, Affirmative Defenses and Counterclaim) (addressed *infra* at ¶ 28).

## ALLERGAN'S PATENT AND APPROVED ACZONE® GEL, 7.5% DRUG PRODUCT

16. Allergan makes and sells ACZONE® Gel, 7.5%, a drug product approved for topical use to treat acne vulgaris. Acne vulgaris is a skin disorder that affects a large number of adolescents and adults.

17. ACZONE® Gel, 7.5% is a once-daily product that contains 7.5% by weight of the active ingredient dapsone. One or more claims of the asserted '219 Patent encompass the approved use of ACZONE® Gel, 7.5%.

18. The '219 Patent, entitled "Topical Dapsone and Dapsone/Adapalene Compositions and Methods for Use Thereof," was duly and legally issued on December 13, 2016. A true and correct copy of the '219 Patent is attached as Exhibit A. The '219 Patent

discloses and claims, *inter alia*, a method of treating acne vulgaris using a dapsone composition. Allergan, as the assignee, owns the entire right, title, and interest in the '219 Patent.

19.     Allergan holds New Drug Application ("NDA") No. 207154, under which FDA approved the marketing of ACZONE® Gel, 7.5% for the treatment of acne vulgaris on February, 24, 2016. FDA has listed the '219 Patent in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "*Orange Book*") for NDA No. 207154 because the '219 Patent covers the approved use of ACZONE® Gel, 7.5%.

### TARO PHARMACEUTICALS' ANDA AND
### NOTICE OF PARAGRAPH IV CERTIFICATION

20.     On information and belief, Taro Pharmaceuticals submitted or caused to be submitted ANDA No. 210191 to FDA under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use, or sale of the product described therein as a purported generic version of ACZONE® Gel, 7.5%, prior to the expiration of the '219 Patent.

21.     On information and belief, the FDA has not approved ANDA No. 210191.

22.     On or about April 17, 2017, Taro Pharmaceutical Industries, Ltd. ("Taro Industries"), through its counsel, sent Allergan a purported Notice of Paragraph IV Certification ("April Letter"). The April Letter represented that Taro Industries had submitted to FDA ANDA No. 210191 and a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the products described in ANDA No. 210191, before the expiration of the '219 Patent.

23.     The April Letter did not name or identify Taro Pharmaceuticals as an interested party or as the filer of ANDA No. 210191.

24.     On June 1, 2017, Allergan filed a Complaint against Taro Industries pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of receipt of the April Letter. *See* C.A. No.

17-cv-663-VAC-SRF (D. Del.) (D.I. 1) (Complaint) ("the First Lawsuit"); 21 U.S.C. § 355(c)(3)(C). Allergan's identification of Taro Industries as the Defendant was based on the representation in the April Letter that Taro Industries filed ANDA No. 210191.

25.    On or about June 7, 2017, through telephonic and e-mail communications from counsel for both Taro Pharmaceuticals and Taro Industries, Allergan learned that the April Letter incorrectly identified Taro Industries as the ANDA applicant for ANDA No. 210191, and that the actual ANDA applicant is Taro Pharmaceuticals.

26.    On or about July 10, 2017, Allergan received from Taro Pharmaceuticals, through its counsel, a purported Notice of Paragraph IV Certification ("July Notice Letter"). The July Notice Letter identified Taro Pharmaceuticals as the ANDA applicant for ANDA No. 210191. The July Notice Letter represented that Taro Pharmaceuticals had submitted ANDA No. 210191 with a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the products described in ANDA No. 210191, before the expiration of the '219 Patent.

27.    The July Notice Letter stated on its face that it is a duplicate of the April Letter. Although the July Notice Letter and the April Letter share certain identical passages, the July Notice Letter and the April Letter differ in several key respects. For example, the July Notice Letter identifies Taro Pharmaceuticals as the ANDA applicant for ANDA No. 210191, whereas the April Letter named Taro Industries as the applicant of ANDA No. 210191.

28.    On or about July 20, 2017, Taro Industries filed an Answer, Affirmative Defenses and Counterclaim to Allergan's Complaint in the First Lawsuit. *See* C.A. No. 17-cv-663-VAC-SRF (D. Del.) (D.I. 10) (Answer, Affirmative Defenses and Counterclaim). In the Answer, Taro Industries acknowledged that Taro Pharmaceuticals, not Taro Industries, is the applicant for

ANDA No. 210191. *See id.* ¶¶ 1, 20, 28. However, Taro Industries omitted from the Answer, Affirmative Defenses and Counterclaim that Taro Industries incorrectly identified itself as the filer of ANDA No. 210191 in the April Letter, and that the actual ANDA filer, Taro Pharmaceuticals, had notified Allergan of its ANDA filing in the July Notice Letter.

29.     The July Notice Letter stated that the Paragraph IV Certification alleges that the '219 Patent is invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, or sale of Taro Pharmaceuticals' ANDA Product. Hence, Taro Pharmaceuticals' purpose in submitting ANDA No. 210191 is to manufacture and market its ANDA Product before the expiration of the '219 Patent.

30.     On information and belief, Taro Pharmaceuticals, through its own actions and through the actions of its agents and affiliates, prepared and submitted ANDA No. 210191, and intends to further prosecute ANDA No. 210191. On information and belief, if FDA approves ANDA No. 210191, Taro Pharmaceuticals will manufacture, offer for sale, or sell its ANDA Product within the United States, or will import its ANDA Product into the United States. On information and belief, if FDA approves ANDA No. 210191, Taro Pharmaceuticals will actively induce or contribute to the manufacture, use, offer for sale, or sale of its ANDA Product in the United States.

31.     Allergan brings this action pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of receipt of the July Notice Letter. *See* 21 U.S.C. § 355(c)(3)(C).

## **TARO PHARMACEUTICALS' OFFER OF CONFIDENTIAL ACCESS**

32.     In the April Letter, Taro Industries, through its counsel, made what it referred to as an offer of confidential access to portions of ANDA No. 210191 on terms and conditions set forth therein ("Purported Offer of Confidential Access"). Taro Industries requested that Allergan

accept the Purported Offer of Confidential Access before receiving access to ANDA No. 210191.

33. Under 21 U.S.C. § 355(j)(5)(C)(i)(III), an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."

34. The Purported Offer of Confidential Access contained unreasonable restrictions, above and beyond those that would apply under a typical protective order. The Purported Offer of Confidential Access also contained restrictions above and beyond those contained in stipulated protective orders already entered by this Court and by other district courts in other Hatch-Waxman actions in which Taro Pharmaceuticals and/or its affiliates are parties.

35. Allergan negotiated in good faith with Taro Industries' counsel in an attempt to procure a copy of ANDA No. 210191 under restrictions "as would apply had a protective order been entered." As of June 1, 2017, when the First Lawsuit was filed (C.A. No. 17-cv-663-VAC-SRF (D. Del.)), those negotiations had been unsuccessful.

36. The July Notice Letter—although labeled as a "duplicate" notice letter—additionally stated that Taro Pharmaceuticals' Purported Offer of Confidential Access was what Taro Industries had "previously requested." It did not attempt to meet Allergan's previously communicated concerns about the scope of the Purported Offer of Confidential Access and did not offer restrictions "as would apply had a protective order been entered."

37. Moreover, when read in its entirety, the Purported Offer of Confidential Access in the July Notice Letter did not invite Allergan to negotiate over the terms offered because it contained a new paragraph stating that "[i]n view of Allergan filing a patent infringement

litigation relating to Taro [Industries'] submission of ANDA No. 210191, Taro [Pharmaceuticals] will provide its ANDA in discovery pursuant to the Federal Rules of Civil Procedure."

38.     On or about July 20, 2017, after filing its Answer, Affirmative Defenses and Counterclaim in the First Lawsuit, Taro Industries informed Allergan that Taro Industries intended to produce a portion of ANDA No. 210191 to Allergan's trial counsel of record in the First Lawsuit pursuant to D. Del. Local Rule 26.2.

39.     D. Del. Local Rule 26.2 precludes Allergan's in-house counsel and experts from accessing any portion of ANDA No. 210191, and prohibits Allergan's trial counsel of record from reviewing or utilizing a confidential production of the ANDA for any purpose other than litigating the First Lawsuit, including for the purpose of determining whether to file a lawsuit against Taro Pharmaceuticals. As of the filing of this Complaint, Allergan and its counsel and experts have not accessed or used the purported production by Taro Industries.

40.     Aside from this purported production, Allergan is not aware of any means of obtaining further information regarding Taro Pharmaceuticals' ANDA Product. In the absence of such information, Allergan is availing itself of the judicial process and the aid of discovery *in this case* to obtain, under appropriate judicial safeguards, such information as is required to confirm its allegations of infringement and to present to the Court evidence that Taro Pharmaceuticals' ANDA Product falls within the scope of the claims of the '219 Patent.

<u>**CLAIM FOR INFRINGEMENT OF THE '219 PATENT**</u>

41.     Allergan states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. On information and belief, Taro Pharmaceuticals has submitted or caused the submission of ANDA No. 210191 to FDA, and continues to seek FDA approval of ANDA No. 210191.

43. Taro Pharmaceuticals has infringed the '219 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 210191 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 210191 prior to the expiration of the '219 Patent.

44. Upon information and belief, Taro Pharmaceuticals' commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of its ANDA Product would directly infringe, and would actively induce and contribute to infringement of the '219 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), (c), and (g). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 210191, Taro Pharmaceuticals will make, use, offer to sell, or sell its ANDA Product within the United States, or will import its ANDA Product into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '219 Patent. *See id.*

45. On information and belief, upon FDA approval of ANDA No. 210191, Taro Pharmaceuticals, through its own actions and through the actions of its agents or affiliates, will market and distribute its ANDA Product to resellers, pharmacies, health care professionals, and end users of its ANDA Product. Accompanying Taro Pharmaceuticals' ANDA Product, Taro Pharmaceuticals will also knowingly and intentionally include a product label and insert containing instructions for administering its ANDA Product. Accordingly, Taro Pharmaceuticals will induce physicians and other health care professionals, resellers, pharmacies, and end users of Taro Pharmaceuticals' ANDA Product to directly infringe one or more claims of the '219 Patent.

In addition, on information and belief, Taro Pharmaceuticals will encourage acts of direct infringement with knowledge of the '219 Patent and knowledge that it is encouraging infringement.

46.    Allergan will be irreparably harmed if Taro Pharmaceuticals is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '219 Patent. Allergan does not have an adequate remedy at law, and considering the balance of hardships between Allergan and Taro Pharmaceuticals, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## **REQUEST FOR RELIEF**

WHEREFORE, Allergan respectfully requests the following relief:

(a)    The entry of judgment, in favor of Allergan and against Taro Pharmaceuticals, that Taro Pharmaceuticals, through its submission of ANDA No. 210191 to FDA seeking to market its ANDA Product, has infringed the '219 Patent under 35 U.S.C. § 271(e)(2)(A);

(b)    The entry of judgment, in favor of Allergan and against Taro Pharmaceuticals, declaring that the making, using, selling, offering to sell, or importing of the products for which approval is sought in ANDA No. 210191, or inducing or contributing to such conduct, would constitute infringement of the '219 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and (g);

(c)    The entry of a permanent injunction, enjoining Taro Pharmaceuticals and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliated companies, other related business entities, and all other persons and entities acting in concert, participation, or in privity with Taro Pharmaceuticals, and their successors or assigns, from infringing, inducing infringement of, and contributing to the infringement of any claims of the '219 Patent by making, using, selling, or offering for sale Taro Pharmaceuticals' ANDA Product within the

United States, or importing Taro Pharmaceuticals' ANDA Product into the United States, until the expiration of the '219 Patent;

(d)    The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 210191 shall be a date that is not earlier than the expiration date of the '219 Patent, or any later expiration of exclusivity for the patent, including any extensions or regulatory exclusivities;

(e)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Taro Pharmaceuticals engages in the commercial manufacture, use, offer for sale, sale, and/or importation of Taro Pharmaceuticals' ANDA Product, or any product that infringes the '219 Patent, or induces or contributes to such conduct, prior to the expiration of the '219 Patent;

(f)    An award to Allergan of its costs and expenses in this action; and

(g)    Such other and further relief this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff Allergan, Inc.*

OF COUNSEL:

Jeffrey B. Elikan
Erica N. Andersen
Chanson Chang
Jihong Lou
Michelle L. Wallace
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC  20001-4956

July 28, 2017